IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ,<br><br>           Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>           Defendant. | 8:20CV417<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed her Complaint on October 14, 2020. (Filing 1.) She has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff seeks to recover $3 million in damages for being prescribed high dosages of oxycontin, without regard to her addictive personality, while she was incarcerated at FMC Carswell. (Filing 1 at 4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is an action brought under the Federal Tort Claims Act (FTCA) to recover damages for negligence.

The FTCA is a limited waiver of the United States' sovereign immunity. *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992). It permits persons injured by federal employees to sue the United States for tort claims in federal district court. *Id.* The "extent of the United States' liability under the FTCA is generally determined by reference to state law." *Id.*; *see also* 28 U.S.C. §§ 1346(b)(1), 2674.

Before bringing an FTCA claim in federal court, a party must administratively exhaust their remedies under the FTCA. 28 U.S.C. § 2675(a). As part of this administrative process, the party "shall have first presented the claim to the appropriate Federal agency." *Id.* The presentment requirement is a jurisdictional prerequisite to filing an FTCA action in federal court. *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (en banc).

*Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *see Wilcox v. United States*, 881 F.3d 667, 671-72 (8th Cir. 2018).

The plaintiff bears the burden of proving the existence of subject matter jurisdiction, *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019), and to state a claim for relief, a pleading must contain "a short and plain statement of the

grounds for the court's jurisdiction." Fed.R.Civ.P. 8(a)(1). Because Plaintiff does not allege that she presented her claim to the Federal Bureau of Prisons before filing suit, she has not satisfied this pleading requirement.

## IV. CONCLUSION

Plaintiff has not pleaded sufficient facts to show this court has subject matter jurisdiction. However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that details what steps, if any, she has taken to exhaust her administrative remedies. The amended complaint should include, at a minimum, facts showing when and how she was injured, when and how she presented her claim to the federal agency, and what disposition was made of her claim.

If an amended complaint is filed within 30 days, the court will conduct another initial review. If an amended complaint is not filed within 30 days, this action will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint in compliance with this Memorandum and Order. **Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.**

2. The clerk of the court is directed to set the following pro se case management deadline: "November 23, 2020: check for amended complaint."

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge