IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | 8:20CV417<br><br><br>**MEMORANDUM AND ORDER** |

  Plaintiff, a non-prisoner, filed her Complaint (Filing 1) on October 14, 2020, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and, in a Memorandum and Order entered on October 22, 2020, determined Plaintiff had not pleaded sufficient facts to show the court has subject matter jurisdiction over what was liberally construed as a claim for negligence brought under the Federal Tort Claims Act (FTCA). However, the court on its own motion gave Plaintiff leave to amend. Plaintiff timely filed an Amended Complaint (Filing 7) on November 5, 2020, which will now be reviewed pursuant to § 1915(e)(2).[1] Also before the court

---

[1] The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of

is a motion to increase the amount of damages requested (Filing 9), which was filed on November 17, 2020.

In her original Complaint, Plaintiff sought to recover $3 million in damages for being prescribed high dosages of oxycontin, without regard to her addictive personality, while she was incarcerated at FMC Carswell. (Filing 1 at 4.) The court explained in its October 22, 2020 Memorandum and Order that she is required to exhaust her administrative remedies before filing suit on a tort claim against the Federal Bureau of Prisons ("BOF"). Plaintiff therefore was instructed to "file an amended complaint that details what steps, if any, she has taken to exhaust her administrative remedies," including "facts showing when and how she was injured, when and how she presented her claim to the federal agency, and what disposition was made of her claim." (Filing 6 at 3.)

Plaintiff's Amended Complaint fails to comply with this instruction, and, remarkably, contains no allegations whatsoever. Except for listing herself as the plaintiff and BOF as the defendant, and signing her name, Plaintiff has left the pleading form completely blank.

Because the court has already given Plaintiff leave to amend, with specific instructions which she has ignored, this action will be dismissed as frivolous. No further leave to amend will be granted because it is apparent that any amendment would be futile. Plaintiff's motion to increase the amount of damages requested will be denied without prejudice, as moot.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice, as frivolous.

---

litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2. Judgment shall be entered by separate document.

3. Plaintiff's motion to amend damages (Filing 9) is denied without prejudice, as moot.

Dated this 4th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge